IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

PHILLIP KOECKRITZ,              )
                                )
                Plaintiff,      )
                                )
        v.                      )       No.  12 C 9544
                                )
KOECKRITZ RUGS, INC., et al.,   )
                                )
                Defendants.     )

                         MEMORANDUM ORDER

    At the previously set August 16, 2013 status hearing, pro se plaintiff Phillip Koeckritz ("Phillip") handed up a group of newly-prepared and not-yet-filed documents, copies of which he had not previously served on counsel for defendants Koeckritz Rugs, Inc. ("Rugs") and George Koeckritz ("George"):

    1.  an Appearance Form for Pro Se Litigants (in that respect, when suit was first brought by Phillip at the end of November 2012 he was represented by counsel, but in May of this year his lawyer withdrew from representation);

    2.  an In Forma Pauperis Application ("Application"), for which purpose Phillip has used the printed form made available by this District Court's Clerk's Office;

    3.  another Clerk's-Office-supplied form, a Motion for Appointment of Counsel ("Counsel Motion");

    4.  a Motion for Leave To File Amended Complaint ("AC") (Opposed); and

    5.  the proposed draft AC, which the last-mentioned

motion (a) describes as proposing to add individual defendant Jeff Bezos ("Bezos") and a corporate defendant that he describes as Amazon.com ("Amazon") and (b) then goes on to state:

> The new complaint maintains the counts and allegations of the original complaint, plus an additional 18 counts, and also alleges that the corporate defendants acted as a common enterprise.

This memorandum order will address all of those submissions in threshold terms.

Nothing need be said as to the Appearance Form, for it calls for no court action. As for the Application, it is not called for in conjunction with the payment of fees, for Koeckritz's then counsel paid the filing fee when suit was originally brought, and no additional filing fee is occasioned by the submission of an amended complaint. Hence the Application bears consideration only in connection with the Counsel Motion.

As for the latter, Koeckritz has listed three lawyers or law firms (including the lawyer who acted for him in filing this action originally), but none is willing to take on his representation. That, together with the financial statement contained in the Application, could make Koeckritz eligible for the designation of a member of this District Court's trial bar to represent him pro bono publico, but the next-described total unacceptability of his proposed AC precludes consideration of such a designation at this time.

2

That leads to the proposed AC, a true monster that comprises fully 326 paragraphs and occupies more than 90 pages. That is totally unacceptable under the federal concept of notice pleading rather than fact pleading--note that Fed. R. Civ. P. ("Rule") 8(a)(2) calls for a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief...."

Moreover, Koeckritz's proposed splintering of his new proposed pleading into no fewer than 20 so-called "counts" distorts the concept and purpose of separate counts, as to which Rule 10(b) provides:

> If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Different theories of recovery may call for different counts under state law practice (which also follows a fact-pleading model), but the fundamental federal pleading concept is that of a "claim for relief" rather than a "cause of action"--in that regard, Koeckritz ought to read now Chief Judge Frank Easterbrook's instructive opinion in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992).

Finally, this Court finds no predicate in Koeckritz's submissions for the injection of new defendants Bezos and Amazon into the case at this point. It is not as though Koeckritz is a stranger to the court system--his motion for leave to file the AC

3

reports that this is one of four cases he has filed against Rugs and George in this District Court (the others were 13 C 1115, 13 C 1520 and 13 C 1644),[1] as well as two cases he has filed against Bezos and Amazon in the District Court for the Western District of Washington (those are 13 C 411-RAJ and 13 C 296-RSM, with the second of those cases having since been closed, just as is true of the other three cases brought in this district).

People such as Koeckritz, who seem to regard litigation as a weapon with which to impose pressure on their opponents by framing multiple-count turgid pleadings that would force those opponents to expend extraordinarily large quantities of time in fashioning responses to those outsized pleadings, are hardly in a position to enlist the court's aid in drafting members of the District Court's trial bar to assist in those oppressive tactics. Whatever else may be said about Koeckritz' proposed AC, it shows specifically that he is a business person who has handled

---

[1] This Court has obtained printouts of the very short dockets in those three cases, all of which reflect that he was serving time in the McHenry County Jail for a minor criminal offense when the cases were filed, so that this District Court's prisoner staff attorneys initially processed the filings for the judges assigned to the cases. Unfortunately the orders in all three of those cases dismissed the complaints "without prejudice to filing a consolidated complaint in [this case]." Quite apart from the obvious fact that the ultimate responsibility for entering orders in, and otherwise managing, cases on this Court's calendar lies with this Court, those orders could not have anticipated the totally unwieldy and rule-violative work product that Koeckritz would then seek to foist on the court system via his proposed AC.

4

copyright and trademark matters on his own and has had no difficulty in expressing the asserted violations on defendants' part in an articulate (although excessively prolix) manner.[2]

## Conclusion

For the reasons that have been stated in this memorandum order, Phillip's current filings are dealt with in this fashion:

1. No action is required, or is taken, on the Appearance Form for Pro Se Litigants.

2. Phillip's Application has no independent significance (it is coupled with his Counsel Motion), and both the Application and the Counsel Motion are denied.

3. Phillip's Motion for Leave To File Amended Complaint is also denied.

Milton I. Shadur
Senior United States District Judge

Date: August 20, 2013

---

[2] Although this Court of course expresses no views as to the merits of the litigation, which the parties' skirmishing to this point has not addressed as much as could have been hoped, it is worth noting that defendants' Affirmative Defense appended to their Answer asserts (1) that Rugs contracted with Phillip in mid-2011 "to provide marketing services through Amazon.com at its location in Rolling Meadows, Illinois" and (2) that the photographs of which Phillip now claims copyright ownership "were taken at Rugs location utilizing its inventory by other employees and agents of Rugs utilizing a camera belonging to Rugs." Rugs then goes on to allege Phillip's embezzlement of $45,000 in receipts belonging to it, followed by his wrongful appropriation of those photographs taken by Rugs' people and his false and fraudulent obtaining of the copyright registrations. As and when the parties move the case toward resolution, which of their totally conflicting versions speaks the truth will be determined.